# EXHIBIT A

DC

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Karim Arabi, et al. | ) | Case No. 3:22-cr-01152-BAS |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Qualcomm Technologies, Inc., and Qualcomm, Inc., c/o CSC Lawyers Incorporating Service

---

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place:  Clerk of Court<br>333 W. Broadway, Suite 420<br>San Diego, CA 92101 | Date and Time:  11/20/2024 at 12:00 p.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: 10-29-24

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Karim Arabi _____ , who requests this subpoena, are:

Whitney Z. Bernstein, Bienert Katzman Littrell Williams LLP, wbernstein@bklwlaw.com, (949) 369-3700
903 Calle Amanecer, Suite 350, San Clemente, CA 92673

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.



AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.  3:22-cr-01152-BAS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) In the United States. A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) In a Foreign Country. If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

1. All materials, notes, recordings, transcripts and other documentation of any interview of, or phone call with, the individuals identified below, including any and all documents produced by the individuals to Qualcomm Technologies, Inc., and Qualcomm, Inc. (collectively "Qualcomm"), and/or Hueston Hennigan LLP ("Hueston Hennigan") during the course of Qualcomm's investigation(s) relating to its acquisition of Abreezio, LLC ("Abreezio"), approximately between in and around 2017 and December 2018, to the extent such documents have not been already produced to the government. If the interviews and/or phone calls were recorded, memorialized, or summarized in any fashion, produce all factual statements made by or attributed to the identified witnesses. Any attorney thoughts or impressions included in any interview summary may be redacted.

   a. Ziad Mansour, Qualcomm Senior Vice President of Engineering;

   b. Duane Nelles, Qualcomm Senior Vice President, Corporate Development;

   c. Dr. Bradley Quinton, Chief Technology Officer of Abreezio and co-founder and Chief Executive Officer of Invionics;

   d. Hiten Somwal, Qualcomm Senior Director, Strategy and Corporate Development;

   e. Jim Thompson, Qualcomm Chief Technology Officer.

2. Abreezio's source code and revision control repository, including all metadata, which former Invionics employees delivered to Qualcomm employee Robert Kwan on a USB key or hard drive, in or around early November 2015, shortly following Qualcomm's acquisition of Abreezio.

3. All source code and revision control repositories, including all metadata related to any Field Programmable Gate Array ("FPGA") demos Abreezio presented to Qualcomm during due diligence.

4. All post-acquisition reviews and reports assessing the fair market value of the intellectual property Qualcomm acquired in the Abreezio acquisition.

5.  A privilege log identifying all documents withheld by Qualcomm in response to the government's grand jury subpoena issued on May 14, 2020.

6.  A privilege log identifying all documents withheld by Qualcomm in response to this Subpoena.

7.  All emails and other documentation regarding the preservation notices or legal hold notices and releases of those preservation notices or legal hold notices with respect to the Abreezio acquisition that were provided to Qualcomm employees.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>Karim Arabi, et al. | )<br>)<br>)  Case No.  3:22-cr-01152-BAS<br>) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Qualcomm Technologies, Inc., and Qualcomm, Inc., c/o CSC Lawyers Incorporating Service

_(Name of person to whom this subpoena is directed)_

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place:   Clerk of Court<br>333 W. Broadway, Suite 420<br>San Diego, CA 92101 | Date and Time:   11/20/2024 at 12:00 p.m. |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date:   10-24-24

_CLERK OF COURT_

Armin Corez

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
Karim Arabi _____ , who requests this subpoena, are:

Whitney Z. Bernstein, Bienert Katzman Littrell Williams LLP, wbernstein@bklwlaw.com, (949) 369-3700
903 Calle Amanecer, Suite 350, San Clemente, CA 92673

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   3:22-cr-01152-BAS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

1. All materials, notes, recordings, transcripts and other documentation of any interview of, or phone call with, the individuals identified below, including any and all documents produced by the individuals to Qualcomm Technologies, Inc., and Qualcomm, Inc. (collectively "Qualcomm"), and/or Hueston Hennigan LLP ("Hueston Hennigan") during the course of Qualcomm's investigation(s) relating to its acquisition of Abreezio, LLC ("Abreezio"), approximately between in and around 2017 and December 2018, to the extent such documents have not been already produced to the government. If the interviews and/or phone calls were recorded, memorialized, or summarized in any fashion, produce all factual statements made by or attributed to the identified witnesses. Any attorney thoughts or impressions included in any interview summary may be redacted.

   a. Ziad Mansour, Qualcomm Senior Vice President of Engineering;

   b. Duane Nelles, Qualcomm Senior Vice President, Corporate Development;

   c. Dr. Bradley Quinton, Chief Technology Officer of Abreezio and co-founder and Chief Executive Officer of Invionics;

   d. Hiten Somwal, Qualcomm Senior Director, Strategy and Corporate Development;

   e. Jim Thompson, Qualcomm Chief Technology Officer.

2. Abreezio's source code and revision control repository, including all metadata, which former Invionics employees delivered to Qualcomm employee Robert Kwan on a USB key or hard drive, in or around early November 2015, shortly following Qualcomm's acquisition of Abreezio.

3. All source code and revision control repositories, including all metadata related to any Field Programmable Gate Array ("FPGA") demos Abreezio presented to Qualcomm during due diligence.

4. All post-acquisition reviews and reports assessing the fair market value of the intellectual property Qualcomm acquired in the Abreezio acquisition.

5.  A privilege log identifying all documents withheld by Qualcomm in response to the government's grand jury subpoena issued on May 14, 2020.

6.  A privilege log identifying all documents withheld by Qualcomm in response to this Subpoena.

7.  All emails and other documentation regarding the preservation notices or legal hold notices and releases of those preservation notices or legal hold notices with respect to the Abreezio acquisition that were provided to Qualcomm employees.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>Karim Arabi, et al.<br>_____<br>*Defendant* | )<br>)<br>)    Case No.  3:22-cr-01152-BAS<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Qualcomm Technologies, Inc., and Qualcomm, Inc., c/o CSC Lawyers Incorporating Service

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place:  Clerk of Court<br>333 W. Broadway, Suite 420<br>San Diego, CA 92101 | Date and Time:  11/20/2024 at 12:00 p.m. |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date:  10-29-24

                                             *CLERK OF COURT*

                                             Armin Colfer
                                             *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Karim Arabi _____ , who requests this subpoena, are:

Whitney Z. Bernstein, Bienert Katzman Littrell Williams LLP, wbernstein@bklwlaw.com, (949) 369-3700
903 Calle Amanecer, Suite 350, San Clemente, CA 92673

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.  3:22-cr-01152-BAS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

1. All materials, notes, recordings, transcripts and other documentation of any interview of, or phone call with, the individuals identified below, including any and all documents produced by the individuals to Qualcomm Technologies, Inc., and Qualcomm, Inc. (collectively "Qualcomm"), and/or Hueston Hennigan LLP ("Hueston Hennigan") during the course of Qualcomm's investigation(s) relating to its acquisition of Abreezio, LLC ("Abreezio"), approximately between in and around 2017 and December 2018, to the extent such documents have not been already produced to the government. If the interviews and/or phone calls were recorded, memorialized, or summarized in any fashion, produce all factual statements made by or attributed to the identified witnesses. Any attorney thoughts or impressions included in any interview summary may be redacted.

   a. Ziad Mansour, Qualcomm Senior Vice President of Engineering;

   b. Duane Nelles, Qualcomm Senior Vice President, Corporate Development;

   c. Dr. Bradley Quinton, Chief Technology Officer of Abreezio and co-founder and Chief Executive Officer of Invionics;

   d. Hiten Somwal, Qualcomm Senior Director, Strategy and Corporate Development;

   e. Jim Thompson, Qualcomm Chief Technology Officer.

2. Abreezio's source code and revision control repository, including all metadata, which former Invionics employees delivered to Qualcomm employee Robert Kwan on a USB key or hard drive, in or around early November 2015, shortly following Qualcomm's acquisition of Abreezio.

3. All source code and revision control repositories, including all metadata related to any Field Programmable Gate Array ("FPGA") demos Abreezio presented to Qualcomm during due diligence.

4. All post-acquisition reviews and reports assessing the fair market value of the intellectual property Qualcomm acquired in the Abreezio acquisition.

5.    A privilege log identifying all documents withheld by Qualcomm in response to the government's grand jury subpoena issued on May 14, 2020.

6.    A privilege log identifying all documents withheld by Qualcomm in response to this Subpoena.

7.    All emails and other documentation regarding the preservation notices or legal hold notices and releases of those preservation notices or legal hold notices with respect to the Abreezio acquisition that were provided to Qualcomm employees.