# EXHIBIT B

| | |
|---|---|
| **From:** | Padraic Foran |
| **To:** | Whitney Bernstein; Lauren Border; Rebecca Roberts |
| **Cc:** | Marshall A. Camp; Leah Thompson; Ryan V. Fraser |
| **Subject:** | RE: U.S. v. Arabi - Qualcomm"s responses and objections to Arabi"s Rule 17 Subpoena |
| **Date:** | Wednesday, November 20, 2024 12:04:40 PM |
| **Attachments:** | image001.png |

Whitney,

Thanks for your response. We did not discuss all the bullets in your email during our meet and confer, and the bullets misstate and mischaracterize the facts in material ways. We reject the implication that Qualcomm did anything improper in reporting Dr. Arabi's serious crimes to the government.

We also reject the implication that Qualcomm should have created a privilege log in connection with the 2020 grand jury subpoena. As I mentioned during the call, the grand jury subpoena called for non-privileged documents; privileged documents were non-responsive. Your email suggests that Qualcomm could have logged documents that *would have been responsive* if only they were not privileged. I have never in my career seen anyone prepare such a non-responsiveness log and you have not cited any authority to support such a log. You also have not cited any authority supporting the premise that Rule 17 subpoena can be used to force a non-party (victim, no less) to generate a new document, especially when, as here, generating the document would impose an extraordinary burden on the non-party and would not be admissible anyway.

As we discussed, interview materials from Qualcomm's outside-counsel-directed investigation are protected by the attorney-client and work product privileges. Multiple courts have recognized that when attorneys create notes or memos about witness interviews, attorney thoughts and impressions cannot be disentangled from "factual statements," including because even statements of purported fact reflect the questions the attorneys asked and what information the attorneys perceived to be material. *See, e.g., S.E.C. v. Roberts*, 254 F.R.D. 371, 383 (N.D. Cal. 2008); *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869, fn.3 (9th Cir. 2014); *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).

Your assertion that Dr. Arabi requested "Qualcomm [to] provide its privilege claims now as a secondary argument in its forthcoming motion to quash" is unclear. Qualcomm is asserting its privilege now, along with multiple other objections, and it will assert these objections in its motion to quash. To the extent Dr. Arabi demands that Qualcomm generate a privilege log now, he has not cited any authority that he may use a Rule 17 subpoena to compel Qualcomm to undertake the extraordinary burden of generating a privilege log of documents that are responsive to each of Dr. Arabi's improper and overbroad requests. As you know, Rule 17 subpoenas are not discovery devices and must request specific evidentiary documents, which request 6 fails to do.

Thank you for providing the case law regarding request 4 (post-acquisition reports assessing the fair market value of the IP Qualcomm acquired from Abreezio). After having a chance to review, we do not believe that any of these cases supports Dr. Arabi's position. None of these cases supports the premise that when a defendant defrauds his victim in buying back its own property, the defendant should get expansive discovery into the victim's assessment of the fair market value of that property

—or even that such an assessment would be relevant.

We contacted the Court's clerk to request a December 9th hearing date for Qualcomm's motion to quash. The courtroom clerk, Stephanie Michele, told us that a hearing date for the motion is not required and that if a hearing does become necessary, she will reach out to discuss available dates prior to setting to confirm availability.

We also appreciate you taking the time to confer with us. We are also happy to discuss further if you believe it would be helpful to narrow any of the requests.

**Padraic Foran**
D: 213.788.4354

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Monday, November 18, 2024 4:47 PM
**To:** Padraic Foran <pforan@hueston.com>; Lauren Border <lborder@hueston.com>; Rebecca Roberts <rroberts@bklwlaw.com>
**Cc:** Marshall A. Camp <mcamp@hueston.com>; Leah Thompson <lthompson@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>
**Subject:** Re: U.S. v. Arabi - Qualcomm's responses and objections to Arabi's Rule 17 Subpoena

Hi Padriac,

It was nice to speak with you and Lauren last week.  Thank you for taking the time to partially recap our conversation, and please note both that this response is similarly not intended to be a complete summary of each position and also that Dr. Arabi similarly reserves all rights.

At a high level, we understood your position to be that you did not find the requests to be specific, admissible, or relevant to Dr. Arabi's defense in your judgment.  At a high level, we disagreed with all of that, explained that the requests are specific and targeted, relevant to our theories of defense and vital to allowing Dr. Arabi to receive a constitutionally effective defense, and would be admissible under various FREs, which, in any event, would most appropriately be addressed at trial after proper foundation was laid.

We further explained that our requests are also directly tethered to how this case has unfolded, which at a high level is that Qualcomm:

- conducted an extensive internal investigation, interviewed numerous witnesses, and gathered a lot of evidence;
- initiated and litigated a civil suit against Dr. Arabi and others;
- attended mediation and executed a full settlement and release of claims with Dr. Arabi and others;

- simultaneously repeatedly referred the matter to the USAO for criminal prosecution of Dr. Arabi and presented an incomplete, one-sided picture of the evidence Qualcomm had in its possession;
- later drafted the Attachment A that it then provided the government for its own grand jury subpoena;
- carved out large categories of documents from that subpoena;
- never logged or otherwise noted or shared with the government what would be responsive to Attachment A but for privilege assertions;
- never provided the government with the many witness statements, facts, and evidence from Qualcomm's internal investigation;
- opposes Dr. Arabi's request for the this non-privileged information that directly bears on whether he is guilty of the charged crimes.

We discussed how Qualcomm will be moving to quash the subpoena by the court ordered deadline, but that in any event Qualcomm would then invoke privilege to avoid complying with the subpoena if the Court did not quash. Because of the January 21, 2025 trial date, to be efficient and conserve judicial resources, we requested that Qualcomm provide its privilege claims now as a secondary argument in its forthcoming motion to quash.  Otherwise, we are looking at a hearing at some date in the future (hopefully December 9) and then potential further briefing and a hearing over Qualcomm's privilege claims; all of which would likely force a continuance of the trial date and can be avoided.  As you indicated both on the call and in your recap below, you refuse to do this.

You asked us to provide support for request 4 by COB today.  As a non-exhaustive response, please see, e.g.: *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020); *Shaw v. United States*, 137 S. Ct. 462 (2016); *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019); *United States v. Castillo*, 69 F.4th 648 (9th Cir. 2023); *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022).

Likewise, please send us the case law you reference below re request 1 that holds factual statements in privileged memos are protected.

We are always happy to meet and confer, especially where we can limit and streamline the issues that the Court needs to address, so please reach us anytime if any of your positions change.  We also appreciate you including our full correspondence, including this response, in any motion you make to the Court.

Thank you again,

Whitney


**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP



(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

---

**From:** Padraic Foran <pforan@hueston.com>
**Date:** Friday, November 15, 2024 at 2:30 PM
**To:** Lauren Border <lborder@hueston.com>, Whitney Bernstein <wbernstein@bklwlaw.com>, Rebecca Roberts <rroberts@bklwlaw.com>
**Cc:** Marshall A. Camp <mcamp@hueston.com>, Leah Thompson <lthompson@bklwlaw.com>, Ryan V. Fraser <rfraser@bklwlaw.com>
**Subject:** RE: U.S. v. Arabi - Qualcomm's responses and objections to Arabi's Rule 17 Subpoena

Whitney, Rebecca, and Leah:

Thank you for your time today meeting and conferring with Lauren and me regarding Qualcomm's objections to the subpoena Arabi served on October 30, 2024. We informed you Qualcomm intends to quash the subpoena because it believes none of the requests meet the *Nixon* requirements or comply with Rule 17, as summarized below. This is not intended to be a summary of each of Qualcomm's objections to the subpoena requests, and Qualcomm reserves all rights.

For request 1 (interview materials), we explained the request is duplicative of requests in the 2023 subpoena that the Court has already rejected as a fishing expedition. Qualcomm does not possess any responsive interview recordings or transcripts, so the only responsive documents are attorney work product (i.e., attorney notes and memos). We stated Qualcomm's position that case law makes clear factual statements cannot be separated from privileged materials within attorney notes and memos. We also informed you we do not have any responsive materials for request 1(A) regarding Ziad Mansour. We further noted Qualcomm's attorneys' impressions from witness interviews are irrelevant to Arabi's criminal case, particularly because Arabi can subpoena the witnesses to testify at trial. You stated you are not required to reveal the defense's theory or the relevance of Arabi's requests, but you believe the *Nixon* standards for each request have been satisfied as outlined in under-seal filings. When asked what has changed since the Court quashed in part Arabi's first subpoena that would justify these duplicative requests, you declined to provide specifics but noted that the defense has continued to develop the case.

For requests 2 and 3 (Qualcomm's source code and revision control repositories), we explained Qualcomm's source code is extremely sensitive and confidential, and that even during civil litigation where it is directly at issue, it is never produced to the other side. Rather, only experts can view it at a third-party facility subject to several restrictions, which is an expensive and time-consuming process. Revision control repositories are even more sensitive, and to our knowledge, have never been made available outside Qualcomm. Qualcomm also objects that these requests are irrelevant,

and you reiterated your stance that Arabi need not reveal his theory of relevance.

For request 4 (post-acquisition reports assessing the fair market value of the IP Qualcomm acquired from Abreezio), we explained Qualcomm believes this request is overbroad and irrelevant to whether Arabi defrauded Qualcomm. Specifically, whether Qualcomm later assigned any market value to the intellectual property—and whether such value was high, low, or in between—is irrelevant to the fraud. You stated Supreme Court and Ninth Circuit case law supports your position that this request is proper and agreed to send us the case law. **Please do so before end of day Monday so we have time to consider it before filing Qualcomm's motion to quash.**

For request 5 (a privilege log identifying all documents withheld by Qualcomm in response to the May 2020 grand jury subpoena) and request 6 (a privilege log identifying all documents withheld by Qualcomm in response to this subpoena), we explained Qualcomm does not have any responsive documents. Qualcomm has previously produced two privilege logs: one created as part of the civil litigation and another created in response to the Court's October 13, 2023 order on Qualcomm's motion to quash Arabi's prior subpoena. Arabi has access to each. We asked whether you are aware of any authority supporting the premise that a Rule 17 subpoena can require a non-party to create documents that do not exist. You were not aware of any. You nevertheless requested that for "judicial economy," Qualcomm create a log that lists all privileged documents that Qualcomm has responsive to the subpoena's requests and make that available along with Qualcomm's motion to quash. As we noted, doing so would be unnecessary in response to Arabi's improper, overbroad subpoena and would impose undue burden on Qualcomm.

Finally, for request 7 (Qualcomm's legal hold notices and releases with respect to the Abreezio acquisition), we explained this request is overbroad and these are privileged documents that are neither evidentiary nor relevant. You offered to set the applicable date range for this request as 2016 through present, and we responded that the 8-year span does not adequately narrow the request, and in any event does not resolve the other issues. You reiterated that Arabi believes the requested documents are relevant, but would not discuss how or why.

We agreed that Qualcomm will file its motion to quash by November 20, the return date on the subpoena.

You also asked Qualcomm to request a December 9th hearing date for its motion to quash. As I noted, I currently have a deposition scheduled for that day, but I am looking into whether I can make adjustments to accommodate that hearing date. I will follow up about that issue.

Thanks,


**Padraic Foran**
_____

**HUESTON HENNIGAN** LLP

D: 213.788.4354
pforan@hueston.com

Biography

---

**From:** Lauren Border <lborder@hueston.com>
**Sent:** Thursday, November 14, 2024 5:13 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>; Rebecca Roberts <rroberts@bklwlaw.com>
**Cc:** Marshall A. Camp <mcamp@hueston.com>; Padraic Foran <pforan@hueston.com>; Leah Thompson <lthompson@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>
**Subject:** RE: U.S. v. Arabi - Qualcomm's responses and objections to Arabi's Rule 17 Subpoena

Thanks Whitney. I just circulated an invite for 9 AM tomorrow.

**Lauren Border**
D: 213.788.4029

---

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Thursday, November 14, 2024 4:59 PM
**To:** Lauren Border <lborder@hueston.com>; Rebecca Roberts <rroberts@bklwlaw.com>
**Cc:** Marshall A. Camp <mcamp@hueston.com>; Padraic Foran <pforan@hueston.com>; Leah Thompson <lthompson@bklwlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>
**Subject:** Re: U.S. v. Arabi - Qualcomm's responses and objections to Arabi's Rule 17 Subpoena

Hi Lauren, Marshall, and Padraic,

Thank you for your email and hope you are all doing well.  Happy to speak tomorrow morning, available before 12pm PT.

Thanks,

Whitney



**Whitney Bernstein** | Partner
Bienert Katzman Littrell Williams LLP
(949) 369-3700 | Website | vCard | Profile

This message is confidential and intended for the designated recipient only. This message may be protected by attorney-client, work product protection or other limitations on use or disclosure. If you have received this message in error, please (1) immediately contact Bienert Katzman Littrell Williams LLP and (2) delete the message without reviewing, copying, or making further use of the information it contains.

---

**From:** Lauren Border <lborder@hueston.com>
**Date:** Thursday, November 14, 2024 at 4:49 PM
**To:** Rebecca Roberts <rroberts@bklwlaw.com>, Whitney Bernstein <wbernstein@bklwlaw.com>
**Cc:** Marshall A. Camp <mcamp@hueston.com>, Padraic Foran <pforan@hueston.com>

**Subject:** U.S. v. Arabi - Qualcomm's responses and objections to Arabi's Rule 17 Subpoena

Counsel,

Please find attached Qualcomm's responses and objections to Arabi's Rule 17 subpoena served October 31, 2024. Hard copies have been sent via mail. If you are able to meet and confer before end of day Monday, November 18th, please send us your availability over the next few days.

Thank you.

Lauren Border

**Lauren Border**

## HUESTON HENNIGAN LLP

D: 213.788.4029
T: 213.788.4340
lborder@hueston.com
Biography

523 W 6th St UNIT 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.