HUESTON HENNIGAN LLP
Marshall A. Camp, State Bar No. 231389
Mcamp@hueston.com
Padraic W. Foran, State Bar No. 268278
pforan@hueston.com
Lauren E. Border, State Bar No. 327770
lborder@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:  (888) 775-0898

Attorneys for Non-Party
Qualcomm Incorporated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KARIM ARABI, SHEIDA ALAN, SANJIV TANEJA, and ALI AKBAR SHOKOUHI,<br><br>Defendants. | Case No. 3:22-CR-01152-BAS<br><br>**DECLARATION OF BYRON YAFUSO IN SUPPORT OF NON-PARTY QUALCOMM INCORPORATED'S MOTION TO QUASH RULE 17(c) SUBPOENA DUCES TECUM**<br><br>*[Filed concurrently with Notice of Motion, Memorandum of Points and Authorities and Decl. of Padraic Foran*<br><br>Date:         TBD<br>Time:         TBD<br>Courtroom:  12B<br>Judge:        Hon. Cynthia Bashant |

<u>DECLARATION OF BYRON YAFUSO</u>

I, Byron Yafuso, declare as follows:

1.      I am Senior Director, Legal Counsel at Qualcomm Incorporated ("Qualcomm"). I have been an in-house attorney for Qualcomm since 2005. My job duties include managing commercial litigation, primarily patent and other intellectual property litigation. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Source code is human-readable text written in a programming language that can be interpreted by a computer program called a compiler to control the structure and functionality of software and hardware. In the technology sector generally and in the semiconductor industry specifically, a company's source code is usually regarded as a trade secret and commercially sensitive. This is true of Qualcomm, and Qualcomm takes careful measures to protect its confidential source code.

3.      When Qualcomm is required to make its confidential source code for its products available for inspection in discovery relating to patent infringement litigation lawsuits, Qualcomm routinely enters into protective orders that define court-enforceable protocols controlling access to its source code. Access to review Qualcomm's confidential source code is typically restricted to experts and outside counsel retained specifically for the litigation, who are qualified to interpret the programming languages in which it is written and explain it to judges and juries. Such protective orders typically designate source code as "Outside Attorneys' Eyes Only," and prohibit access to Qualcomm's confidential source code by any other persons (*e.g.*, by employees of a party). Supplemental protective orders for inspection of Qualcomm's confidential source code have been entered in numerous U.S. district courts.

Case No. 3:22-CR-01152-BAS
DECLARATION OF BYRON YAFUSO IN SUPPORT OF NON-PARTY
QUALCOMM INCORPORATED'S MOTION TO QUASH SUBPOENA

4. Attached as **Exhibits A-D** are true and correct copies of supplemental protective orders that have been entered in California federal courts to protect Qualcomm's source code. Specifically, **Exhibit A** is a protective order entered in 2023 in the Central District of California, *Mitsubishi Electric Corp. v. TCL Communication Technology Holdings Limited, et al.*, Case No. 8:22-cv-01073. **Exhibit B** is a protective order entered in 2022 in the Central District of California, *XR Communications, LLC v. D-Link Systems, Inc. et al.*, Case No. 8:17-cv-00596. **Exhibit C** is a protective order entered in 2020 in the Southern District of California, *Bell Northern Research, LLC v. LG Electronics Inc., et al.*, Case No. 3:18-cv-02864. **Exhibit D** is a protective order entered in 2020 in the Northern District of California, UNILOC 2017 LLC v. Apple Inc., Case No. 3:19-cv-01905.

5. Each of the attached supplemental protective orders specifies the controlled review environment within which inspection of Qualcomm's source code must occur, the possible bases for objecting to review and access by persons involved in competitive decision making, the process for creating limited numbers of hard copy pages of select source code excerpts that can be removed from the review environment, and restrictions on access to hard copy pages of source code printouts.

6. I have reviewed the subpoena that Defendant Karim Arabi ("Arabi") served on Qualcomm on October 30, 2024 (the "2024 Subpoena"). Request 2 in the subpoena demands "Abreezio's source code and revision control repository, including all metadata" that former Invionics employees allegedly delivered to Qualcomm employee Robert Kwan on a USB key or hard drive, "in or around early November 2015." Request 3 in the subpoena demands "[a]ll source code and revision control repositories, including all metadata related to any Field Programmable Gate Array ('FPGA') demos Abreezio presented to Qualcomm during due diligence."

7. For several reasons, complying with Requests 2 and 3 of the 2024 Subpoena would be extremely burdensome to Qualcomm.

8.      First, given the requests seek source code and revision control repositories that are more than nine years old, it is my understanding that, to the extent they still exist, they would have been copied onto magnetic tape disaster-recovery media and archived, amongst thousands of similar records, at an off-site location of Qualcomm's vendor Iron Mountain. Even if magnetic tape disaster-recovery media containing those records could be located at Iron Mountain, there is no guarantee that Qualcomm still has the equipment necessary to extract information from them. In any case, restoring them to reviewable form would be an expensive, time-consuming, and potentially unreliable process, as magnetic media is prone to deterioration after a few years.

9.      Furthermore, complying with the requests for "revision control repositories" would be more burdensome to Qualcomm than even past cases involving inspection of source code itself. A revision control repository (also referred to as a "version control repository") is a database containing the entire history of changes to, and versions of, source code files (*i.e.*, every version of every source code file that ever existed for a software project). Unlike text-based source code files, the files of a revision control repository are not directly human-readable, and access to the information contained in a revision control repository requires the use of the appropriate repository host software program for the repository. Because revision control repository files are not human-readable, they fall outside my definition of "source code."  For more than 15 years, I have been heavily involved in managing source code discovery processes and protocols at Qualcomm, and I am unaware of Qualcomm ever making available for inspection in litigation a revision control repository with host software, as opposed to specific directly-human-readable versions of source code files.

/ / /

/ / /

- 4 -

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of November 2024 at San Diego, California.

Byron Yafuso

Case No. 3:22-CR-01152-BAS
DECLARATION OF BYRON YAFUSO IN SUPPORT OF NON-PARTY
QUALCOMM INCORPORATED'S MOTION TO QUASH SUBPOENA

# PROOF OF SERVICE

*United States of America, V. Karim Arabi, et al.*
U.S.D.C. Southern District of California, Case No. 3:22-cr-01152-BAS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

I hereby certify that on November 21, 2024, I caused the electronically filed aforementioned document with the United States District Court Southern District of California by using the CM/ECF system. I certify that counsel of record registered as ECF Filers will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2024, at Los Angeles, California.

| | |
|---|---|
| Susan Segovia | |
| (Type or print name) | (Signature) |

- 6 -

6800938