HUESTON HENNIGAN LLP
Marshall A. Camp, State Bar No. 231389
Mcamp@hueston.com
Padraic W. Foran, State Bar No. 268278
pforan@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

*Attorneys for Non-Party Qualcomm Incorporated, Qualcomm Technologies, Incorporated, and Nicholas Cole*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KARIM ARABI, SHEIDA ALAN, SANJIV TANEJA, and ALI AKBAR SHOKOUHI,<br><br>Defendants. | Case No. 3:22-CR-01152-BAS<br><br>**DECLARATION OF PADRAIC W. FORAN IN SUPPORT OF NON-PARTIES QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES, INCORPORATED, AND NICHOLAS COLE'S MOTION TO QUASH NICHOLA COLE'S TRIAL SUBPOENA**<br><br>*[Filed concurrently with Motion to Quash]*<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom: 12B<br>Judge:      Hon. Cynthia Bashant |

## DECLARATION OF PADRAIC W. FORAN

I, Padraic W. Foran, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Hueston Hennigan LLP, counsel of record for Non-Parties Qualcomm Incorporated and Qualcomm Technologies, Incorporated (collectively "Qualcomm") and Mr. Nicholas Cole ("Mr. Cole") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On January 22, 2025, counsel for Defendant Karim Arabi ("Dr. Arabi") served Mr. Cole (through me, as his counsel), with the Rule 17(a) trial subpoena ("the Subpoena") at issue in the instant motion. Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena.

3. Mr. Cole is a California attorney who served in various in-house counsel roles at Qualcomm for nearly ten years. He held the title of Patent Counsel from April 2012 to November 2015 (i.e., before and during Qualcomm's acquisition of Abreezio). He then held the title of Senior Patent Counsel from November 2015 to June 2018 (i.e., after Qualcomm's acquisition of Abreezio). In these positions, Mr. Cole was responsible for, among other things, developing and executing the company's legal strategy in protecting its intellectual property, including filing of provisional and non-provisional patent applications. For a brief period in 2015 and 2016, Mr. Cole had duties relating to patent applications for inventions purportedly acquired through the Abreezio transaction. Mr. Cole now works in private practice in San Diego as a patent attorney. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Cole's profile on LinkedIn, which accurately summarizes and describes his credentials and employment history. Mr. Cole verified that this is a true and correct copy of his LinkedIn profile.

4. Given Mr. Cole's prior position as in-house counsel at Qualcomm before and during Qualcomm's acquisition of Abreezio, I promptly wrote to Dr. Arabi's

counsel, Whitney Bernstein, to raise my concern that Dr. Arabi may use Dr. Cole's testimony to attempt to invade Qualcomm's attorney-client privilege. Attached hereto as **Exhibit C** is a true and correct copy of the email I sent Ms. Bernstein on January 28, 2025.

5. I met and conferred with Ms. Bernstein on this issue on February 5, 2025. During that call, Ms. Bernstein reassured me that she intended to examine Mr. Cole regarding only non-privileged communications with third parties. Although Ms. Bernstein declined to disclose the precise topics of her expected examination, she reassured me that she would not seek to invade attorney-client privilege. She stated that she did not seek to obtain any testimony regarding any discussion between Mr. Cole and a client.

6. Without access to exhibit lists in this case, I was unable to determine the precise third-party communications that Dr. Arabi's counsel intended to examine Mr. Cole about. I nevertheless relied on Ms. Bernstein's representations about her expected examination of Mr. Cole.

7. On February 27, 2025, the Government informed me that there is only one trial exhibit in this case that has Mr. Cole's name on it: a privileged email between Mr. Cole and a then-Qualcomm employee, Defendant Bradley Quinton, beginning on December 10, 2015. The privileged communication is Bates stamped QCARABI_0044126. I understand that this document has been designated Defense Exhibit 2545. This new information from the Government was a surprise, as it appeared to conflict with the representations that Ms. Bernstein made during our February 5, 2025 meet and confer discussion.

8. The subject line of the email at Defense Exhibit 2545 is "Critical Path Sensor Provisional - Abreezio Case CONFIDENTIAL ATTORNEY WORK PRODUCT AND/OR ATTORNEY-CLIENT PRIVILEGED COMMUNICATION." In the email, Mr. Cole requests and Mr. Quinton provides certain information regarding a provisional patent application for a purported Abreezio invention. The

1 plain and express purpose of requesting and providing this information was for Mr.
2 Cole to develop Qualcomm's legal strategy regarding the provisional patent
3 application, including whether to submit a non-provisional patent application.

4       9.    I am not attaching a copy of Defense Exhibit 2545 to this declaration,
5 because the document is privileged, and Qualcomm wants to avoid any further
6 dissemination. But if the Court believes it needs to review a copy of Defense Exhibit
7 2545 to resolve this Motion to Quash the Subpoena, Qualcomm stands ready to
8 produce Defense Exhibit 2545 to the Court *in camera*.

9       10.    On February 27, 2025, the same day that I learned of this privileged email
10 communication at Defense Exhibit 2545, I sent a clawback request to the Government.
11 Attached hereto as **Exhibit D** is a true and correct copy of the clawback request I sent
12 to Government counsel. In the email, I notified the Government that Qualcomm claims
13 Defense Exhibit 2545 is privileged and asked the Government to cease using it, to
14 destroy all copies, and to request that all parties to whom the Government produced
15 Defense Exhibit 2545 to do the same.

16       11.    Dr. Arabi possesses Defense Exhibit 2545 only because Qualcomm
17 produced it in the civil action Qualcomm filed in San Diego Superior Court against
18 Defendants Arabi, Sheida Alan, and Sanjiv Taneja, captioned *Qualcomm v. Arabi et
19 al.*, Case Number 37-2017-00040719-CU-FR-CTL (S.D. Super.) (Trapp, J.) (the
20 "Civil Litigation"), and the document was re-produced to the Government.

21       12.    My firm and I were counsel of record for Qualcomm in the Civil
22 Litigation, which Qualcomm filed in 2017 after uncovering the fraud by Dr. Arabi and
23 others. The Civil Litigation involved extensive document discovery. Arabi sought, and
24 Qualcomm produced, enormous volumes of information, including nearly 100,000
25 documents. Dkt. No. 150-1 15. Arabi's discovery requests included at least 57
26 document requests. *Id.* These included broad demands for "All documents related to
27 the Abreezio purchase, ... ," [Dkt. No. 150-3 at 7 (RFP No. 1)], and "All documents
28 related to Qualcomm's contention that Karim Arabi had any involvement in the

Abreezio purchase," [*id.* at 9 (RFP No. 14)].

13. To comply with these civil discovery demands, Qualcomm performed an expensive and large-scale document collection and review. Qualcomm and its counsel collected and reviewed many tens of thousands of documents from numerous custodians. In response to the requests above and dozens of other requests, Qualcomm produced 99,868 documents. Dkt. No. 150-115. As part of the large-scale document collection and review, Qualcomm reviewed, tagged and withheld numerous responsive documents as privileged. The responsive documents that Qualcomm withheld as privileged are listed in the August 2018 Privilege Log, which is 874-pages long and includes 5,143 entries.

14. During its large-scale document review and production in the Civil Litigation, Qualcomm did not intend to produce any privileged communications or to waive any privilege. Qualcomm's express intention was to withhold all privileged documents. Qualcomm's production of the privileged communication Bates stamped QCARABI_0044126 in the civil litigation was made inadvertently and in error, and Qualcomm first discovered the error when it became aware of the document's designation as Defense Exhibit 2545. The document was designated "Confidential" but inadvertently not withheld as privileged. In my experience, large document reviews and productions will almost inevitably result in the accidental production of some privileged documents.

15. In May 2020, during its investigation in this case, the Government served Qualcomm with a Grand Jury Subpoena. Dkt. No. 150-1 ¶ 6. Among other things, the Grand Jury Subpoena sought every document that any party had produced in the Civil Litigation. *Id.* ("All documents, records and ESI produced by any party in connection with the Civil [Action]"). In response to the Government's grand jury subpoena, Qualcomm re-produced every one of the 99,868 documents that Qualcomm had previously produced to Arabi in the Civil Litigation. Qualcomm did not conduct any document-by-document re-review of the 99,868 documents, which had already been

reviewed for privilege and responsiveness. Re-reviewing such materials would have been enormously expensive and burdensome.

16. Qualcomm did not produce or share Defense Exhibit 2545 with anyone else.

17. Attached hereto as **Exhibit E** is a true and correct copy of the Protective Order that the Court entered in the Civil Litigation on March 7, 2018. Under this Court-ordered Protective Order, the parties from the Civil Litigation were required (upon request made 30 days after settlement or termination of the proceeding) to return or destroy documents that another party designed confidential or highly confidential. *See* Ex. E at ¶ 22. Dr. Arabi's counsel made such a request on July 13, 2021. I understand that Dr. Arabi and other defendants in the Civil Litigation claim to have destroyed all confidential documents that Qualcomm produced to him in the Civil Litigation pursuant to this provision of the Protective Order.

18. Attached hereto as **Exhibit F** is a true and correct copy of a clawback request that I received from Dr. Arabi's counsel in the Civil Litigation.

19. On March 5, 2025, I met and conferred with Ms. Bernstein about exhibit 2545 and her previous assurances that she intended to examine Mr. Cole only about non-privileged communications with third parties. During this meet and confer, Dr. Arabi's counsel refused to comply with Qualcomm's clawback request. Dr. Arabi's counsel also confirmed that she does not plan to destroy or cease using the document. In fact, she disclosed that she *does* intend to examine Mr. Cole on Defense Exhibit 2545, contrary to her prior assurances that she intended to examine Mr. Cole regarding only *non*-privileged communications with third parties. She would not identify any other topics on which she intends to examine Mr. Cole.

20. Following this meet and confer, I informed Ms. Bernstein that, based on this new information, Qualcomm will move to quash the subpoena to Mr. Cole. Attached hereto as **Exhibit G** is a true and correct copy of my correspondence with Ms. Bernstein on March 7, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of March, 2025 at Los Angeles, California.

_____
Padraic W. Foran

**PROOF OF SERVICE**

*United States of America, V. Karim Arabi, et al.*
U.S.D.C. Southern District of California, Case No. 3:22-cr-01152-BAS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

I hereby certify that on March 10, 2025, I caused the electronically filed aforementioned document with the United States District Court Southern District of California by using the CM/ECF system. I certify that counsel of record registered as ECF Filers will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 10, 2025, at Los Angeles, California.

    Susan Segovia                        *(Signature)*
  (Type or print name)